UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| IN RE: § <br> NONJUDICIAL CIVIL FORFEITURE § <br> PROCEEDING INVOLVING 277 § <br> FIREARMS, 41 SILENCERS, AND § <br> APPROXIMATELY 33,660 ROUNDS OF § <br> AMMUNITION § <br> § <br> § | MISC. ACTION NO. 7:16-MC-1842 |

## REPORT AND RECOMMENDATION

Plaintiff United States has requested that this case be closed in Pacer. (Docket No. 5.) On July 19, 2021, Plaintiff filed a Motion to Dismiss the miscellaneous action as no further court action was required. (Docket No. 3.) On July 27, 2021, the undersigned ordered the Plaintiff to file a response with a more definite statement as to the status of this action, the factual and procedural background, and the authority for the Court to take such action. (Docket No. 4.) On August 9, 2021, Plaintiff filed its Response to the Request for Statement. (Docket No. 5.) In that Response, Plaintiff withdrew the Motion to Dismiss filed on July 19, 2021, and requested that the case be closed in Pacer as no action was filed or pending. (See Docket No. 5.)

As discussed below, Plaintiff did not commence any civil action in this case, and therefore, there is no action pending. Accordingly, the undersigned recommends that this case be closed in Pacer.

### I. BACKGROUND

On November 8, 2016, Plaintiff filed a Motion to Extend Time Under 18 USCA § 983(a)(3)(A), requesting that the Court extend the time in which the Plaintiff was required to file a complaint for forfeiture and/or to obtain an indictment alleging forfeiture from November 10,

2016 to January 10, 2017. (Docket No. 1.) In that motion, Plaintiff represented that the property in question, 277 firearms, 61 silencers, one unregistered small-barrel rifle, and approximately 33,660 rounds of ammunition (hereinafter referred to as "the property"), had been seized by ATF on June 2, 2016, pursuant to a federal search warrant. Plaintiff further represented that on August 12 and 29, 2016, Salvador Rangel, III (hereinafter referred to as "Claimant Rangel") filed claims to the property with ATF in a nonjudicial civil forfeiture proceeding against the property. By statute, Plaintiff was required to file a complaint for forfeiture against the property and/or to obtain an indictment alleging that the property is subject to forfeiture no later than 90 days after the claim was filed, or November 10, 2016. 18 U.S.C. § 983(a)(3)(A). On November 8, 2016, Plaintiff filed said motion to extend the deadline based on an agreement of the parties pursuant to 18 U.S.C. § 983(a)(3)(A). (Docket No. 1). On November 16, 2016, that request was granted extending the deadline to January 10, 2017, the date agreed upon by the parties. (Docket No. 2.)

No other filings were made until July 9, 2021, when Plaintiff filed its Motion to Dismiss. (Docket No. 3.) Said motion simply asked to dismiss the miscellaneous action stating that no claims, answers, or further motions were filed or served in this action. It was unclear what happened to the claim made by Claimant Rangel and what action was taken on the property. Therefore, the undersigned ordered that a more definite statement be made explaining the basis of the Plaintiff's Motion to Dismiss. (Docket No. 4.)

On August 9, 2021, Plaintiff filed its response to the order requiring a more definite statement. (Docket No. 5). Plaintiff explained that on April 11, 2018, Claimant Rangel withdrew the claim filed in the administrative proceeding. Therefore, Plaintiff did not file a complaint or seek to obtain an indictment for forfeiture. Plaintiff did not judicially forfeit the property and instead ATF administratively forfeited the property. In Plaintiff's Response to the Request for

Statement, Plaintiff withdrew the Motion to Dismiss as there was no pending action to dismiss and instead requested the case be closed in Pacer. Plaintiff further asserts that Attorney for Claimant Rangel is unopposed to the relief requested.

## II. ANALYSIS

This miscellaneous action is subject to being closed for want of prosecution. Rule 3 provides that a civil action is commenced by filing a complaint with the court. FED. R. CIV. P. 3. In the present case, no complaint was ever filed, and thus no civil action was commenced.

Further, Section 983(a)(3)(A) requires that the Government file a complaint for forfeiture or an indictment for forfeiture not later than 90 days after a claim has been filed, unless the Court extends the period for filing a complaint for good cause or upon agreement of the parties. 18 U.S.C. § 983(a)(3)(A). The 90 days expired on November 10, 2021, but was extended by the Court until January 10, 2017. The government did not file a complaint or indictment prior to that date. On April 11, 2018, Claimant Rangel withdrew his claim and the forfeiture continued administratively.

Because no civil action was commenced prior to the agreed extension of January 10, 2017, and because the Plaintiff is not seeking to commence any civil action regarding the property, there is no case to dismiss and the case should simply be closed in Pacer.

## III. CONCLUSION

For the foregoing reasons, the undersigned recommends that the relief requested by the Plaintiff be granted and that this action be closed in Pacer.

## NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff and to Attorney Marco De Luna, attorney for Claimant Salvador Rangel, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of

the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on August 20, 2021.

Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE